[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Medina Cty. Bar Assn. v. Shirer,* Slip Opinion No. 2015-Ohio-3289.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3289

MEDINA COUNTY BAR ASSOCIATION *v*. SHIRER.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Medina Cty. Bar Assn. v. Shirer,* Slip Opinion No. 2015-Ohio-3289.]

*Attorneys at law—Misconduct—Neglect of an entrusted legal matter—Public reprimand.*

(No. 2014-2153—Submitted January 14, 2015—Decided August 19, 2015.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2014-060.

_____

**Per Curiam.**

{¶ 1} Respondent, Albert Duane Shirer of Medina, Ohio, Attorney Registration No. 0062670, was admitted to the practice of law in Ohio in 1994. On September 3, 2014, relator, Medina County Bar Association, charged Shirer with professional misconduct in one client matter.  Relator alleged that Shirer was retained by a client to obtain the dissolution of her marriage.  Relator claimed that

Shirer failed to file an agreed qualified domestic-relations order ("QDRO") with the domestic-relations court and with the entity that administered the pension of his client's ex-husband. Many years later, Shirer's client had to retain a new attorney to file the QDRO and to represent her when her former husband disputed that some of the retirement benefits existed at the time of the divorce.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline[1] considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.[2]

{¶ 3} In the consent-to-discipline agreement, Shirer stipulates to the facts alleged in relator's complaint and agrees that his conduct violated DR 6-101(A)(3) of the Code of Professional Responsibility (prohibiting neglect of an entrusted legal matter).[3]

{¶ 4} The parties stipulate that applicable mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Shirer's cooperative attitude toward the disciplinary proceedings, and evidence of his good character or reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).[4] We agree with the panel's and the board's determinations that Shirer's payment of $800 to the client's current attorney, while not constituting "restitution" in the true sense of the word, nevertheless was an effort to rectify the consequences of Shirer's misconduct and qualifies as a mitigating factor. *See* BCGD Proc.Reg. 10(B)(2)(c). The parties agree that there are no aggravating factors. Based upon Shirer's stipulated misconduct and these factors, the parties stipulate that the appropriate sanction is a public reprimand.

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

[2] Effective January 1, 2015, Gov.Bar R. V(16), 140 Ohio St.3d CXXX, governs consent-to-discipline agreements.

[3] The Code of Professional Responsibility applies to attorney misconduct occurring prior to February 1, 2007.

[4] Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

**{¶ 5}** The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety.

**{¶ 6}** We agree that Shirer violated DR 6-101(A)(3) and that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 7}** Accordingly, Albert Duane Shirer is hereby publicly reprimanded. Costs are taxed to Shirer.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Patricia A. Walker, Bar Counsel; and Jeandrevin & Parker, L.L.C., and Andrew M. Parker, for relator.

Bruce Hall Co., L.P.A., and Bruce E. Hall, for respondent.

_____